# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CATHY L. LAMBERT,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1115**    (BOR Appeal No. 2047165)
(Claim No. 980050070)

**PLEASANTS COUNTY CONTINUOUS CARE LP,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cathy L. Lambert, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pleasants County Continuous Care LP, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 24, 2012, in which the Board affirmed a April 9, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's July 30, 2010, decision authorizing the following medications: Ibuprofen, Tramadol, and Skelaxin from July 30, 2010, to September 30, 2010. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Lambert worked for Pleasants County Continuous Care LP when she injured her back while lifting a patient. The claim was held compensable. Prasadarao B. Mukkamala, M.D., concluded that there was no indication for Tramadol and Skelaxin and that Ibuprofen should not be allowed under workers' compensation because there is no causal relationship between her ongoing pain complaints and the compensable injury. ChuanFang Jin, M.D., concluded that the medications were not medically necessary for the compensable injury. The claims administrator

1

authorized the medications Ibuprofen, Tramadol, and Skelaxin from July 30, 2010, through September 30, 2010, for weaning and tapering purposes.

The Office of Judges modified the claims administrator's decision and held that there is no medical justification in the record to authorize the medications Ibuprofen, Tramadol, and Skelaxin past September 30, 2010. On appeal, Ms. Lambert disagrees and asserts that the Office of Judges erred in relying on Dr. Mukkamala's independent medical evaluation because Dr. Mukkamala made his decision to discontinue her medication and treatment after he had already removed her approved diagnosis codes, which lessoned the severity of her injury to a simple strain and therefore, causing the need for such medications to appear unnecessary. Pleasants County Continuous Care LP maintains that Ms. Lambert failed to submit any medical evidence that demonstrated the requested medications were prescribed specifically for the compensable injury.

The Office of Judges concluded in order to reverse the claims administrator's decision there must be medical evidence in the record stating why these medications were requested by the physician and how these medications are related to the compensable injury. The Office of Judges determined that there is a significant amount of medical evidence in the record. However, there is no medical evidence in the record explaining why these medications are requested and how these medications relate to the compensable injury. Dr. Mukkamala and Dr. Jin both concluded that the medications were not medically necessary for the compensable injury. The Office of Judges modified the claims administrator's decision and held that there is no medical justification in the record to authorize the medications past September 30, 2010. The Board of Review reached the same reasoned conclusions in its decision of August 24, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

2